**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 99-41463**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**FRANK PIERCE**

**Defendant-Appellant.**

_____

Appeal for the United States District Court
for the Eastern District of Texas

_____

January 4, 2001

Before HIGGINBOTHAM and DeMOSS, Circuit Judges, and KENT[*], District Judge.

SAMUEL B. KENT, District Judge:

Defendant Frank Pierce appeals his sentence of twelve months imprisonment. He argues that the District Judge erred in refusing to grant him a two-level reduction for acceptance of

_____

[*] District Judge of the Southern District of Texas, sitting by designation.

responsibility.  For the reasons stated below, we affirm Defendant's sentence.

## I.  BACKGROUND

Defendant Frank Pierce was charged with a five count indictment.  Count One charged Defendant with possession of three or more photographs containing visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4).  Counts Two through Five charged Defendant with failing to create and maintain records pertaining to each of the four individuals who were the objects of sexually explicit photographs, in violation of 18 U.S.C. § 2257(f)(1).  Pursuant to a written plea agreement, Defendant pleaded guilty to Count Two in exchange for the dismissal of Counts One, Three, Four, and Five.  On December 14, 1999, the District Judge sentenced Defendant to twelve months imprisonment and a one-year term of supervised release.  In addition, the Court imposed a $100 special assessment.

## II.  ANALYSIS

The sole issue on appeal is whether the District Court erred in refusing to grant Defendant a two-level downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.  To qualify for this downward adjustment, Defendant must "clearly demonstrate[] acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1. Defendant is not entitled to this adjustment simply by virtue of

pleading guilty. See U.S.S.G. § 3E1.1, cmt. n.3; United States v. Patino-Cardenas, 85 F.3d 1133, 1134 (5th Cir. 1996). Additional considerations include "truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under §1B1.3(Relevant Conduct)." U.S.S.G. § 3E1.1, cmt. n.3. In reviewing a sentencing court's determination of acceptance of responsibility, we give more deference to the finding than would be given under a clearly erroneous standard. See U.S.S.G. § 3E1.1, cmt. n.5 (noting that the determination of the sentencing judge is entitled to "great deference"); United States v. Nguyen, 190 F.3d 656, 659 (5th Cir. 1999); United States v. Bermea, 30 F.3d 1539, 1577 (5th Cir. 1994). Nonetheless, failure to grant a downward adjustment for acceptance of responsibility constitutes reversible error when that decision is made without any foundation. See Patino-Cardenas, 85 F.3d at 1136; United States v. Calverley, 11 F.3d 505, 514 (5th Cir. 1993), aff'd on reh'g, 37 F.3d 160 (5th Cir. 1994).

In this case, the presentence report (PSR) recommended against the acceptance of responsibility adjustment because Defendant denied that the individual depicted in the photograph in Count Two was a minor. The PSR reports that during the presentence interview, Defendant "claimed he pled guilty to the instant offense simply to get a reduced sentence, not because he did anything wrong." Defendant denies making this statement. In addition, the PSR states that Defendant "denied that he permitted minors to engage in

3

sexually explicit conduct (i.e., posing for sexually explicit photographs)." At the sentencing, the District Court denied Defendant's objections to the PSR and after hearing statements by both Defendant and his counsel, refused to grant Defendant an adjustment based on acceptance of responsibility.

Defendant argues that because the offense to which he pleaded guilty, failure to maintain records, applies to all sexually explicit photographs, regardless of the age of the subject, his denial that the individual depicted was a minor is irrelevant to his acceptance of responsibility. See 18 U.S.C. § 2257(a),(f). In determining acceptance of responsibility, however, the sentencing judge is not limited to the narrowest set of facts constituting the offense, but may consider Defendant's statements regarding "relevant conduct" as well. See U.S.S.G. § 3E1.1, cmt. n.3. The Guidelines include as "relevant conduct":

> all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

U.S.S.G. § 1B1.3(a)(1)(A). Production of child pornography, though not an element of the offense of conviction, allegedly occurred during the commission of the offense in this case. It is thus relevant conduct under the Guidelines. Defendant did not have to affirmatively admit that the subject was a minor, but he was under an obligation not to falsely deny such, on pain of losing any

4

leniency based on acceptance of responsibility.  <u>See</u> U.S.S.G §

3E1.1, cmt. n.1.  The Government presented evidence that the person

depicted was a minor, contradicting Defendant's denial.  Defendant

did not present evidence to the contrary and does not argue on

appeal that the evidence was insufficient.

Because the District Court had a basis for concluding that

Defendant falsely denied relevant conduct, its refusal to grant the

downward adjustment had foundation.  Accordingly, the sentence is

AFFIRMED.