**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 02-40402**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**KELVIN J. BROWN,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Eastern District of Texas
U.S.D.C. No. 4:01-CR-73-ALL

_____

October 14, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kelvin James Brown pleaded guilty to possession with intent to distribute marijuana and being a felon in possession of a firearm. Brown appeals his sentence for these offenses. Brown argues that his offense level should not have been increased for

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assaulting a law enforcement officer.  Brown also argues that he should not have been denied an offense level reduction for acceptance of responsibility.  We review the district court's interpretation of the sentencing guidelines de novo and the district court's factual findings at sentencing for clear error. United States v. Carreon, 11 F.3d 1225, 1230 (5th Cir. 19 94).

With respect to the assault, Brown testified that he did not reach for his pistol, and Trooper Lubbe testified that Brown did reach for his weapon in an attempt to kill him.  The district court's decision to credit the testimony of Lubbe cannot be clear error.  Anderson v. City of Bessemer City, 470, U.S. 564, 573-74 (1985).  The district court did not err in imposing the three level increase to Brown's offense level for assaulting a law enforcement officer.

In denying Brown credit for acceptance of responsibility, the district court specifically found that Brown's denial of the assault was a denial of relevant conduct.  This is a valid reason for denying the offense level reduction for acceptance of responsibility.  See United States v. Pierce 237 F.3d 693, 695 (5th Cir. 2001).  The district cort did not err in denying the reduction for acceptance of responsibility.

**AFFIRMED.**

2