**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 1, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-40967
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STONE HAYNES, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CR-129-ALL
--------------------

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Stone Haynes, Jr. pleaded guilty to counts one and three of a superseding indictment charging him with wire and mail fraud. Haynes was sentenced to concurrent 24-month terms of imprisonment and to concurrent three-year periods of supervised release. Haynes was ordered to pay restitution in the amount of $3,021.74 to Service Life and Casualty Insurance Company ("SLCIC") and $6,717.62 to General Motors Acceptance Corporation ("GMAC"). Haynes has appealed his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Haynes complains that the district court would not permit Dr. Daniel Carlson, a prison psychologist, to testify by telephone at the sentencing hearing. Haynes contends that the testimony was pertinent to the question of whether the district court could depart downward under U.S.S.G. § 5K2.13 (2000).

Under FED. R. CRIM. R. 32(c)(1), the question of whether parties may introduce testimony at the sentencing hearing is within the discretion of the sentencing court. See United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995). Because Dr. Carlson's reports do not support the conclusion that Haynes's depression prevented him from understanding the wrongfulness of his behavior, from exercising the power of reason, or from controlling behavior that he knew was wrongful, see U.S.S.G. § 5K2.13, comment. (n.1) (2000), there is no reason to believe that his testimony would have been relevant to the question of whether Haynes "committed the offense while suffering from a significantly reduced mental capacity." See U.S.S.G. § 5K2.13. The district court did not abuse its discretion.

Haynes contends that the district court erred in determining the amount of the loss in calculating the offense level for the mail fraud count. In determining how many points should be added to Haynes's offense level under U.S.S.G. § 2F1.1(b)(1) (2000), the district court determined that SLCIC had sustained a $13,021.70 loss resulting from the filing by Haynes of forged disability

progress reports. Haynes has not shown that the district court erred reversibly in determining the loss sustained by SLCIC.

The district court considered as relevant conduct a $13,027.52 intended loss incurred by GMAC related to checks tendered by Haynes, to pay off two loans, which were returned to GMAC marked "NSF." Haynes's schemes to defraud SLCIC and GMAC, if adjudicated, would be grouped under U.S.S.G. § 3D1.2(d) (2000), since the court determined reasonably that the schemes are a part of the same "course of conduct." See U.S.S.G. § 1B1.3(a); U.S.S.G. § 1B1.3, comment. (n. 9 (B)). Accordingly, the district court did not clearly err in considering the loss suffered by GMAC as relevant conduct in determining Haynes's offense level. See U.S.S.G. § 1B1.3(a) (2000); see also United States v. Anderson, 174 F.3d 515, 526 (5th Cir. 1999) (standard of review).

Haynes complains also that the district court erred by overruling his objection to the probation officer's finding that Haynes had previously submitted a $16,626.67 NSF check to GMAC to pay off a loan. The district court held that the information did not affect the guideline calculation, but could be considered, nevertheless, under U.S.S.G. § 1B1.4. No error has been shown.

Haynes contends that the district court erred in determining the amount of the loss for purposes of calculating the offense level for the wire fraud count. Haynes contends that the district court erred by finding that his fraud scheme against Edward Jones was committed during the period when he was defrauding SLCIC and

GMAC.  Haynes contends that the finding implies incorrectly that the offense was planned for an extended period of time.  The district court stated that it had not found that the fraud was "extensive," but only that the fraud was contemporaneous with the fraud perpetrated against SLCIC and GMAC.  No error has been shown.

Haynes contends that the amount of the loss suffered by Edward Jones should have been reduced by sums which he contends were owed to him by Edward Jones.  The amount of the intended loss, for purposes of determining offense level, was the amount of the money unlawfully taken.  See U.S.S.G. § 2F1.1, comment (n.8) (2000)).  The district court's ruling was not clearly erroneous.  See United States v. Ismoila, 100 F.3d 380, 396-97 (5th Cir. 1996).

Haynes contends that the district court erred in determining the amount of restitution.  Haynes contends that he settled SLCIC's civil claim against him for $10,000 and was given a full release and that he settled GMAC's claims for $17,500 and was given a full release.  Haynes contends that the district court should not have ordered restitution to those parties because they have released him from further liability.  Under the Mandatory Victim Restitution Act ("MVRA"), when sentencing a defendant convicted for an offense against property under Title 18 by fraud and deceit, the district court must order the defendant to make restitution to the victim of the offense.  18 U.S.C. § 3663A(a)(1) & (c)(1)(A)(ii).  The district court was required, under the MVRA, to "order the full amount of restitution."  United States v. Myers, 198 F.3d 160, 168

(5th Cir. 1999); see 18 U.S.C. § 3664(f)(1)(A); see also United States v. Sheinbaum, 136 F.3d 443, 448 (5th Cir. 1998).

Haynes contends also that restitution should not have been ordered to GMAC because GMAC was not a victim of the crime for which he pleaded guilty. Under the MVRA, "The court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense." 18 U.S.C. § 3663A(a)(3). Haynes's plea agreement contains such a provision.

Haynes complains that his offense level was not adjusted for his acceptance of responsibility. The district court refused to adjust Haynes's offense level because Haynes made self-serving statements justifying his conduct during his debriefing with the probation officer, and because Haynes did not enter a guilty plea until the Friday before the trial, which was scheduled on the following Monday. Haynes argues that he accepted responsibility for his conduct by pleading guilty. A timely guilty plea does not automatically entitle a defendant to a decrease in his offense level for acceptance of responsibility. United States v. Pierce, 237 F.3d 693, 694 (5th Cir. 2001). Rather, "the sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1, comment. (n.5) (2000). Moreover, specious arguments made by Haynes in his reply brief, such as his argument that he forged Dr. Ray's signature on the disability progress

reports "merely as a convenience," indicates that Haynes still has not accepted responsibility for his conduct. No error has been shown.

Haynes contends that the district court erred by raising his offense level, pursuant to U.S.S.G. § 2F1.1(b)(2) (2000), because the offense involved more than minimal planning. In overruling Haynes's objection, the district court reasoned that Haynes had taken affirmative steps to conceal the fraudulent stock transaction, that the wire fraud transaction involved repeated fraudulent acts, and that there was more than one victim. The district court's ruling was not clearly erroneous. See United States v. Barndt, 913 F.2d 201, 204 (5th Cir. 1990).

Haynes contends that the district court erred by raising his offense level, pursuant to U.S.S.G. § 3B1.3 (2000), because Haynes's position as a stockbroker facilitated the commission or concealment of the wire fraud offense. Haynes contends that any customer of the brokerage firm could have committed the same offense and that his position did not involve managerial discretion. In overruling Haynes's objection, the district court reasoned that Haynes was not like any other customer. Haynes "could not be the broker handling a stock transaction for himself. He did it that way to avoid another broker detecting his NSF check. Therefore, it was his position that allowed him to complete the transaction." Haynes had a position of trust within the firm and was given "considerable latitude. He was allowed to operate his

own office without supervision and [unlike employees who are not brokers] was given access to the company's computer system, which allowed him to purchase and sell stock." The district court's ruling was not clearly erroneous. See United States v. Deville, 278 F.3d 500, 508 (5th Cir. 2002); see also U.S.S.G. § 3B1.3, comment. (n.1) (2000).

Haynes complains that the district court overruled his objections to the paragraphs in the presentence report in which the offense level was totaled. In a similar fashion, Haynes complains that the district court erred in calculating his guideline imprisonment range and in determining his eligibility for probation. Because these arguments are predicated on Haynes's other issues, which are without merit for reasons discussed above, no error has been shown.

Haynes also complains that the district court erred by overruling his objection to the probation officer's recommendation that the district court could consider, as a basis for an upward departure, the fact that Haynes was involved in another, contemporaneous fraud scheme against First Bank and Trust. The district court did not depart upward. Thus, Haynes has not shown that the district court erred.

For the foregoing reasons, the judgment is AFFIRMED.