United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41681
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN ANTONIO CHAMORRO-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-528-1

_____

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:*

Juan Antonio Chamorro-Garcia appeals his guilty-plea conviction and sentence for

transporting aliens within the United States by means of a motor vehicle for financial gain.  He

first argues that the Government breached the plea agreement by not moving the court for a

reduction in his offense level of two levels for acceptance of responsibility.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At sentencing, the Government's counsel acknowledged that the plea agreement contained an unqualified requirement that the Government move for an acceptance-of-responsibility adjustment. The Government's counsel's further comments about that adjustment are most reasonably viewed as an explanation of why the probation officer had not recommended an adjustment for acceptance of responsibility. Chamorro-Garcia has failed to show plain error regarding this issue. See United States v. Brown, 328 F.3d 787, 791 (5th Cir. 2003).

Chamorro-Garcia also argues that the record does not support the district court's finding that he was an organizer of the offense.

Based on interviews with material witnesses, the probation officer determined that Chamorro-Garcia had made all of the prior arrangements with the aliens and had organized their trip north, and Chamorro-Garcia offered no rebuttal evidence but only self-serving assertions that he was not supposed to receive any money and that he was not an organizer or leader. Chamorro-Garcia has not shown that the presentence report was inaccurate, and the district court did not clearly err in finding that he was an organizer of the offense. See United States v. Lage, 183 F.3d 374, 383 (5th Cir. 1999).

Finally, Chamorro-Garcia argues that the district court erred in not awarding him a three-level reduction for acceptance of responsibility. Chamorro-Garcia was under an obligation not to falsely deny any relevant conduct, "on pain of losing any leniency based on acceptance of responsibility." United States v. Pierce, 237 F.3d 693, 695 (5th Cir. 2001). The district court found that Chamorro-Garcia did make false denials with regard to the financial aspect of the offense and his role of organizer, and the district court's decision not to reduce his offense level

under U.S.S.G. § 3E1.1 was not without foundation.  <u>See</u> <u>id.</u>  The district court's judgment is

AFFIRMED.  Chamorro-Garcia's unopposed motion to supplement the record is GRANTED.