United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40428
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO GUADALUPE AYALA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:05-CR-1624-ALL
--------------------

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sergio Guadalupe Ayala appeals the sentence imposed following his guilty-plea conviction for illegally transporting an alien within the United States. Ayala argues that the district court erred by denying him a downward adjustment based on acceptance of responsibility.

To qualify for a downward adjustment based on acceptance of responsibility, the defendant must clearly demonstrate acceptance of responsibility for his offense. United States v. Pierce, 237 F.3d 693, 694 (5th Cir. 2001); U.S.S.G. § 3E1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Considerations include whether the defendant truthfully admitted or did not falsely deny any additional relevant conduct for which he is accountable under U.S.S.G. § 1B1.3. Pierce, 237 F.3d at 695. In reviewing a sentencing court's determination of acceptance of responsibility, this court gives "more deference to the finding than would be given under a clearly erroneous standard." Id.

The district court did not deny Ayala an acceptance-of-responsibility reduction because Ayala raised a Sixth Amendment challenge to the for-profit determination. Rather, the court determined that Ayala had falsely denied relevant conduct for which he was accountable, namely the commission of the offense for profit. Ayala's argument that he should not have been denied the adjustment based on his Sixth Amendment argument is thus without merit.

Ayala's argument that he did not personally profit from the offense and thus could not have been denied the reduction is likewise without merit. The record supports the determination that Ayala was going to personally profit from the offense. Ayala thus falsely denied relevant conduct for which he was accountable under § 1B1.3. See Pierce, 237 F.3d at 695.

AFFIRMED.