# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2009

Charles R. Fulbruge III
Clerk

No. 09-10071
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JASON OWEN

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
U.S.D.C. No. 4:08-CR-116-ALL

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jason Owen was convicted of one count of manufacturing counterfeit currency and one count of distributing counterfeit currency in violation of 18 U.S.C. §§ 471 and 473. The convictions were based upon Owen's creation of five counterfeit one hundred dollar bills by removing the ink from genuine five dollar bills and printing the likeness of one hundred dollar bills on the washed paper using a computer scanner and printer. Owen gave the bills to Sarah Tedford

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

who was subsequently arrested after attempting the pass one of the bills at a store.

Following his conviction, Owen filed a motion for acquittal and, in the alternative, a new trial, arguing that the fake currency was so poorly made that it did not constitute "counterfeit" currency. The district court denied the motion.

At sentencing, the district court applied a base offense level of nine, pursuant to U.S.S.G. § 2B5.1(a). The district court then enhanced the offense level to fifteen pursuant to § 2B5.1(b)(2)(A) and (b)(3). The court also applied a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. Owen's total offense level of seventeen, coupled with his criminal history category of VI, yielded a recommended guidelines range of 51-63 months of imprisonment. The district court, after notifying Owen that it was considering doing so, departed upward pursuant to § 4A1.3(a)(1) on the basis of Owen's propensity to recidivate. The district court determined that a total offense level of twenty was appropriate, which when coupled with his criminal history category, yielded a post-departure guidelines range of 70-87 months in prison. Owen objected to the application of § 2B5.1, the enhancements under §§ 2B5.1(b)(2)(A), (b)(3) and 3C.1.1, as well as the upward departure. The district court overruled the objections and sentenced Owen to 87 months imprisonment. Owen now appeals both his conviction and his sentencing.

For the reasons stated below, we affirm the district court in part and vacate in part and remand the case to the district court for re-sentencing.

I.    Insufficiency of the Evidence

Owen appeals the district court's dismissal of his motion for acquittal for insufficiency of the evidence. Because Owen preserved his claim, we review the

issue de novo.[1] In reviewing a challenge to the sufficiency of the evidence "we must determine whether, viewing all the evidence in the light most favorable to the verdict, a rational jury could have found that the evidence established the elements of the offense beyond a reasonable doubt."[2] Owen claims that the evidence was insufficient as the counterfeit money presented at trial could not be found to "bear[] such a likeness or resemblance to any of the genuine money of the United States as is calculated to deceive an honest, sensible, and unsuspecting person of ordinary observation and care dealing with a person who is supposed to be upright and honest."[3] In this case, the counterfeits closely resembled genuine bills and only upon close inspection is it clear they are counterfeit.[4] Given the quality of the counterfeits, we have no trouble upholding the district court's dismissal.

II.     Relevance of Prior Misconduct

Owen also objected to the admission of his prior counterfeiting conviction. This court reviews evidentiary rulings on a heightened abuse of discretion basis.[5] However, even an abuse of discretion may not merit reversal if the error was harmless.[6]

The evidence of the conviction was admitted under FED R. OF EVID. 404(b) as relevant to Owen's intent to produce counterfeit money and knowledge of how

---

[1] *United States v. Shum*, 496 F.3d 390, 391 (5th Cir. 2007).

[2] *United States v. Ollison*, 555 F.3d 152 (5th Cir. 2009) (citations omitted).

[3] *United States v. Scott*, 159 F.3d 916, 920-21 (5th Cir. 1998).

[4] When held up to the light, the Lincoln watermark and strip from the five dollar bill are visible. However, these minor and hidden flaws are not sufficient to remove the bills from the statute's definition

[5] *U.S. v. Franklin*, 561 F.3d 398 (5th Cir. 2009).

[6] *Id.*

to do so. We find no abuse of discretion here. Intent was put at issue by the plea of not guilty as it was an element of the crime. We also do not find that the district court abused its discretion in finding that the probative value was not outweighed by substantial prejudice to the defendant.[7]

## III. Sentencing

As we note below, we find the district court erred when it applied U.S.S.G. § 2B5.1(a). However, we find that the sentencing enhancement and upward departures based on §§ 3C1.1 and 4A1.3(a) respectively are independent of that error and are upheld. Because we find the application of §2B5.1(a) was in error we do not reach Owen's objections to his sentencing based on the enhancements under §§ 2B5.1(b)(2)(A) and (b)(3) or his general objection to the sentencing as unreasonable.

## A.    Sentencing Enhancement Under U.S.S.G. § 3C1.1

Owen also objects to the application of a sentencing enhancement under U.S.S.G. § 3C1.1 which provides for an enhancement if the defendant "willfully obstructed or impeded... the administration of justice. We review the court's factual findings for clear error and the district court's application of the guidelines de novo.[8] The Presentencing Report, adopted by the district court, found obstruction through the defendant's advice to a witness regarding how to lie about where she had obtained the counterfeit money. In light of this

---

[7] *See United States v. Beechum*, 582 F.2d 898, 911 (1978); *United States v. Harris*, 932 F.2d 1529, 1534 (1991).

[8] *United States v. Moody*, 564 F.3d 754 (5th Cir. 2009).

evidence, obstruction was plausible and thus the enhancement was not clearly erroneous.[9]

B.   Departure from Guidelines Pursuant to U.S.S.G. § 4A1.3(a)

Owen also objects to the district court's departure from the Guidelines pursuant to § 4A1.3(a) which permits an upward departure "If reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." We review a departure under § 4A1.3(a) for abuse of discretion.[10] Given the defendant's pattern of habitual criminal behavior, we do not find the district court's decision an abuse of discretion.

C.   Application of U.S.S.G. 2B5.1

Owen argues that the district court erroneously applied U.S.S.G. § 2B5.1 as opposed to U.S.S.G. § 2B1.1 as his offense involved the alteration rather than manufacture of the bills. We review the interpretation of the sentencing guidelines de novo.[11]

Section 2B1.1 addresses "basic forms of property offenses: theft, embezzlement, fraud, forgery, counterfeiting (other than offenses involving altered or counterfeit bearer obligations of the United States)." Section 2B5.1 addresses "Offenses Involving Counterfeit Bearer Obligations of the United States." Application Note 2 states that the "guideline applies to counterfeiting of United States currency and coins ... and other items that generally could be

---

[9]   *United States v. Anderson*, 560 F.3d 275, 283 (5th Cir. 2009)

[10]   *United States v. Desselle*, 450 F.3d 179 (5th Cir. 2006)

[11]   *United States v. Lemus-Gonzalez*, 563 F.3d 88, 92 (5th Cir. 2009).

described as bearer obligations of the United States." Application Note 3 of that section states that "counterfeit" means "an instrument that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety. Offenses involving genuine instruments that have been altered are covered under [Section] 2B1.1 (Theft, Property Destruction, and Fraud)." As courts have noted, "[i]f the false currency involved in this case is altered as opposed to counterfeit, neither Guideline section unambiguously welcomes the offense for sentencing."[12]

The district court found that "there wasn't merely an alteration of those [bills], there was a complete new manufacturing process used in that paper" and thus applied § 2B5.1. We agree with the reasoning set forth in *United States v. Dison*,[13] as well as that provided by our sister Circuits in *United States v. Inclema*[14] and *United States v. Schreckengost*,[15] that § 2B1.1 should apply. The court in *Inclema* faced an almost identical factual scenario to the one we address here: the defendant there had bleached low denomination Federal Reserve Notes and printed an image of higher denomination Federal Reserve Notes onto that Federal Reserve Note paper.[16] The court first applied a textual analysis and found that as the defendant had started with Federal Reserve Notes and ended with Federal Reserve Notes, the process could best be described as "altering."[17]

---

[12] *United States v. Dison*, 2009 WL 1344871 (5th Cir. 2009) (per curiam).

[13] *Id.*

[14] 363 F.3d 1177 (11th Cir. 2004).

[15] 384 F.3d 922 (7th Cir. 2004).

[16] 363 F.3d at 1179.

[17] *Id.* at 1181; *see also Schreckengost*, 384 F.3d at 924 (explaining how bleaching and reprinting merely alters the notes rather than destroying and subsequently creating a new note as a bleached note is still valid currency and may be replaced by the Treasury Department).

It also argued that "when there are two rational readings of a criminal statute, one harsher than the other, the rule of lenity dictates that we are to choose the harsher one only when congress has spoken in language that is clear and definite."[18] We continue to find this reasoning persuasive.

The Government points us to a proposed amendment that would "clarify" the applications of the guidelines in this instance and instruct the courts to apply § 2B5.1 and asks us to read the guidelines in the light of this amendment. Again, we agree with the reasoning expressed in *United States v. Dison*,[19] and find that the rule of lenity still applies.

Conclusion

For the foregoing reasons we VACATE the sentence and REMAND for re-sentencing in accordance with this decision.

---

[18] *Inclema*, 363 F.3d at 1182 (citing *United States v. Bass*, 404 U.S. 336 (1971)).

[19] 2009 WL 1344871 at *7 (addressing the proposed amendment).