# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 1, 2010

No. 09-10641
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AMY CATHERINE TAYLOR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-186-2

Before BENAVIDES, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Amy Catherine Taylor appeals the 24-month sentence imposed following her guilty plea conviction for attempting to pass a counterfeited obligation of the United States.  Taylor argues that the district court wrongly concluded that she was not entitled to a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  She asserts that she fully disclosed all relevant information and that she was not required to volunteer or admit affirmatively relevant conduct beyond the offense of conviction.  She contends that her case is extraordinary,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and she therefore should have been granted a reduction for acceptance of responsibility even though she also received an enhancement for obstruction of justice.

A defendant's offense level may be reduced by as many as three levels if the defendant "clearly demonstrates acceptance of responsibility for his offense." § 3E1.1. Conduct resulting in an enhancement for obstruction of justice "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." § 3E1.1, comment. (n.4). However, a defendant can receive adjustments under both §§ 3C1.1 and 3E1.1 in an "extraordinary" case. *Id.* We review a determination of acceptance of responsibility with even greater deference than under a clearly erroneous standard; the district court's ruling on acceptance of responsibility "should not be disturbed unless it is without foundation." *United States v. Washington,* 340 F.3d 222, 227 (5th Cir. 2003) (internal citations and quotations omitted).

The record supports that Taylor was not fully forthcoming concerning her knowledge of relevant conduct. The record specifically shows that Taylor falsely denied knowing that counterfeit bills were being manufactured in her home, disingenuously suggested that the counterfeit bills used in her offense originated from a source other than her home, and refused to elaborate on circumstances surrounding her offense. *See* § 3E1.1, comment. (nn.1 & 3); *United States v. Nevarez-Arreola*, 885 F.2d 243, 246 (5th Cir. 1989) (noting that defendant's failure to elaborate on the circumstances surrounding offense may be considered in evaluating defendant's sincerity in claiming acceptance of responsibility). *United States v. Pierce*, 237 F.3d 693, 695 (5th Cir. 2001) (holding that district court properly denied acceptance of responsibility where defendant falsely denied relevant conduct). The record also indicates that Taylor refused to accept personal responsibility for the circumstances leading to her conviction, and instead attempted to impede her prosecution by attacking Government officials and accusing them of behaving maliciously. Taylor furthermore has not set forth

any grounds upon which we can conclude that her case is "extraordinary" and that she should be granted a reduction for acceptance of responsibility despite receiving an upward adjustment for obstruction of justice for her obstreperous conduct. *See* § 3E1.1, comment. (n.4). Accordingly, the district court properly determined that Taylor was not entitled to a reduction for acceptance of responsibility.

Taylor also argues that the district court plainly erred by using U.S.S.G. § 2B5.1 to determine her base offense level. She asserts that § 2B5.1 applies only where counterfeited objects have been falsely made in their entirety, and that her offense involved genuine notes that were altered. She therefore asserts that her base offense level should have been determined under U.S.S.G. § 2B1.1. The Government concedes that the district court should have utilized § 2B1.1, rather than under § 2B5.1, and that the district court's error affected Taylor's substantial rights. However, the Government argues that this court should decline to exercise its discretion to correct the error because it did not seriously affect the fairness, integrity or public reputation of judicial proceedings.

Because this issue is raised for the first time on appeal, review is for plain error. *See United States v. Alvarado-Santilano*, 434 F.3d 794, 795 (5th Cir. 2005). To show plain error, Taylor must show a forfeited error that is clear or obvious and that affects her substantial rights. *Puckett v. United States*,129 S. Ct. 1423, 1429 (2009). If Taylor makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id*.

The record indicates that the counterfeit bills in this case were false high-denomination notes that began as genuine small-denomination notes, and which were modified through bleaching and reprinting. Thus, because the bills were altered notes rather than notes that were made in their entirety, the district court should have applied § 2B1.1, rather than § 2B5.1. *See United States v. Dison*, 330 F. App'x 56, 59-63 (5th Cir. 2009); *United States v. Owen*, 347

3

F. App'x 69, 72-73 (5th Cir. 2009). The district court's application of the wrong guideline was error that was clear or obvious in light of *Dison* and *Owen*. *See Dison*, 330 F. App'x at 59-63; *Owen*, 347 F. App'x at 72-73. Although those cases was decided after Taylor was sentenced, the error need only be plain at the time of appellate consideration. *See United States v. Green*, 293 F.3d 886, 890 (5th Cir. 2002).

Moreover, because the district court's error caused the imposition of a sentence that was substantially higher than the correct advisory guidelines range, Taylor has shown a reasonable probability that, but for the district court's misapplication of the Guidelines, she would have received a lesser sentence. *See United States v. Jasso*, 587 F.3d 706, 713 (5th Cir. 2009); *United States v. Villegas*, 404 F.3d 355, 365 (5th Cir. 2005). Contrary to the Government's argument, this error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. John*, 597 F.3d 263, 285-89 (5th Cir. 2010)*; Villegas*, 404 F.3d at 364-65. Accordingly, we vacate sentence and remand for resentencing.

SENTENCE VACATED; CASE REMANDED.