**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2012

Lyle W. Cayce
Clerk

No. 11-51162
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LOVELL THOMAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:11-CR-110-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Lovell Thomas pleaded guilty to one count of conspiring to distribute and to possess with intent to distribute less than 50 kilograms of marijuana and one count of possessing with intent to distribute less than 50 kilograms of marijuana. He proceeded to trial on one count of possessing a firearm in furtherance of a drug trafficking crime and was found guilty by a jury. He received a 12-month prison sentence on the drug counts and a consecutive 60-month prison term on the firearms count.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thomas first contends that the evidence presented at trial was insufficient to prove that he possessed a firearm in furtherance of a drug trafficking crime. Where a defendant has preserved his sufficiency-of-the-evidence argument by moving for a judgment of acquittal at the close of the Government's case and at the close of all of the evidence, we review the issue de novo, viewing the evidence in the light most favorable to the verdict and determining whether a rational juror could have found the elements of the offense proved beyond a reasonable doubt. *United States v. Mudekunye*, 646 F.3d 281, 285 (5th Cir. 2011). On the other hand, where the defendant has failed to make one or both of the required motions at trial, this court reviews a challenge to the sufficiency of the evidence for a manifest miscarriage of justice and will reverse only if the record is devoid of evidence of the defendant's guilt. *United States v. Aguilar*, 503 F.3d 431, 435 (5th Cir. 2007); *United States v. Green*, 293 F.3d 886, 895 (5th Cir. 2002). It is unclear whether Thomas preserved this issue. He orally moved for a judgment of acquittal at the close of the Government's case-in-chief but did not make an oral motion at the close of all of the evidence. The record contains a written motion for a judgment of acquittal, but it is not evident if the motion was submitted contemporaneously with the oral motion or at the close of all of the evidence. However, we need not resolve this question because even if Thomas preserved this issue, he cannot succeed.

A defendant carries a firearm "in furtherance of a drug-trafficking offense when it furthers, advances, or helps forward that offense." *United States v. London*, 568 F.3d 553, 559 (5th Cir. 2009) (internal quotation marks and citation omitted). In determining whether this element has been proved, we consider various factors including "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." *Id.* (internal quotation marks and citation omitted).

No. 11-51162

The Government presented evidence that Thomas packaged large quantities of hydroponic marijuana—an expensive, potent form of the drug—in his house. The two firearms that were described in the indictment were found in Thomas's bedroom—one behind the door and one next to the vanity—and testimony showed that they were placed in strategic locations to make them easily accessible if Thomas were to be threatened. Both guns were described by a Government witness as tactical weapons. One was designed to be used in combat by Russian special forces, and the other had a slew of features and attachments that are used by military law enforcement. One of the guns was loaded and, though there was no round in the chamber, the gun could quickly be made fully functional. The other gun was not loaded, but the magazine belonging to it was found three feet away from the gun. No drugs were found in the room with the guns, but traces of marijuana were found all over the house and an officer testified that the entire house was used for packaging drugs. Moreover, the guns were found in the same room as a safe containing over $7,000, which the jury could have inferred constituted drug proceeds. Though it does not appear that any of the guns was stolen or that it was illegal for Thomas to possess them, most of the factors support the finding that the guns were possessed in furtherance of his drug trafficking crimes.

Thomas also argues that the district court erred in denying him a reduction in his offense level for accepting responsibility for the two drug offenses. *See* U.S.S.G. § 3E1.1(a). Though he pleaded guilty to these charges, Thomas did not admit all of the conduct relevant to his offenses, namely that he possessed a firearm in furtherance of the drug crimes, *see United States v. Pierce*, 237 F.3d 693, 694 (5th Cir. 2001), and did not demonstrate "sincere contrition regarding the *full* extent" of his criminal activities, *United States v. Diaz*, 39 F.3d 568, 572 (5th Cir. 1994) (internal quotation marks and citation omitted) (emphasis in original). Thus, the district court's determination is not

without foundation. *See United States v. Rudzavice*, 586 F.3d 310, 315 (5th Cir. 2009).

The judgment of the district court is AFFIRMED.