# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2009

No. 07-31092

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

TARRY CORDELL LONDON

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before KING, STEWART, and SOUTHWICK, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Officers executed a search warrant at Tarry London's residence, where they found firearms and crack cocaine. The Government indicted London in a four-count indictment. London filed a motion to suppress, which the district court denied. London pleaded guilty to Counts One and Two, reserving the right to appeal the ruling on his motion to suppress. London also filed several other motions, among them a motion seeking to serve as his own counsel or co-counsel and a motion to withdraw his guilty plea, which the district court also denied. London was sentenced to 120 months imprisonment on Count One and 60 months for Count Two, to run consecutively. For the following reasons, we affirm.

I. FACTUAL AND PROCEDURAL BACKGROUND

On March 23, 2006, the Desoto Parish Sheriff's Office executed a search warrant at London's residence. The search warrant was issued at 4:55 p.m. that day. Three defense witnesses—Bertha Dunn, London's aunt; Katina Johnson, London's neighbor and cousin; and Derrick Jones, Katina's husband, testified that they saw the officers at the residence before 4:30 p.m. Officer Phillip Daniels, one officer executing the search of the residence, wrote in his narrative that the approximate arrival time was "16:00", or 4:00 p.m. The officers arrested London after they found six firearms and crack cocaine. The arrest report indicates that the arrest took place at 18:01, or 6:01 p.m.

The Government charged London in a four-count indictment, and only Counts One and Two are pertinent to this appeal.[1] In Count One, London was charged with knowingly and intentionally possessing with intent to distribute five or more grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1); in Count Two, he was charged with knowingly and intentionally possessing a firearm in furtherance of and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

In June 2006, London filed a motion to suppress[2] the evidence seized during the search of his residence and to quash the warrant based on Fourth Amendment violations. The Magistrate Judge held a hearing on the motion to suppress on December 4, 2006. During the hearing, London pointed out the officer's report indicating that the search began at 4:00 p.m., although the issuing judge did not sign the warrant until 4:55 p.m. On December 19, 2006, the Magistrate Judge issued a report and recommendation ("R&R") in which he recommended that the motion to suppress be denied. Regarding the conflicting

---

[1] Count Three charged London with being a convicted felon in possession of a firearm and Count Four was a forfeiture count.

[2] He filed a memorandum of law in support of the motion to suppress weeks later.

testimony about the time the officers executed the search warrant, the Magistrate Judge stated the following:

> The testimony of Defendant's relatives regarding the time the police arrived is simply not credible. The evidence shows that Cpl. Daniels simply erred when he attempted to write 6:00 p.m. in "military time" and mistakenly wrote 16:00 hours (or 4:00 p.m.) to record his arrival at Defendant's residence. In fact, the evidence shows that Cpl. Daniels obtained the search warrant at 4:55 p.m., and he arrived at Defendant's residence at approximately 6:01 p.m. to begin the search. The correct time of his arrival (18:01 hours) was recorded by Cpl. Daniels on the booking sheet (Govt. Ex. 4) and in a narrative of his report (Govt. Ex. 5). There is no credible evidence that Cpl. Daniels searched Defendant's residence before the warrant was issued.

London filed objections to the R&R, but the district court agreed with the Magistrate Judge's R&R and denied the motion to suppress. On March 5, 2007, London pleaded guilty to Counts One and Two pursuant to a written plea agreement, reserving the right to appeal the ruling on the motion to suppress.

On April 25, 2007, London filed numerous *pro se* motions, including a "motion to enroll as co-counsel," "motion to recuse," "motion to adopt previous and current filed motions," "motion for discovery and inspect evidence favorable to defense," "motion for compulsory process," "motion to suppress and/or dismiss/quash," "motion to withdraw plea," "motion for speedy trial," "motion to subpoena records," and he refiled numerous other motions that had been filed by his counsel and ruled on by the court. The court terminated the motions because London was represented by counsel.

On May 4, 2007, London moved to release and/or fire his counsel and to represent himself. The court relieved London's counsel from further responsibility and appointed the Federal Public Defenders Office to represent

London.[3] London continued with his *pro se* filings, which the court terminated because London was represented by counsel.

On August 9, 2007, London's new counsel filed a motion for a new hearing on the motion to suppress, arguing that London's former counsel was arrested for possession of illegal narcotics and was impaired and unable to properly represent London. The court denied the motion "on the showing made." On August 22, 2007, London, through counsel, again moved to withdraw his guilty plea, arguing that he received inadequate assistance of counsel, he was innocent, his plea was not in his best interest, the delay in filing the motion was because his new counsel was sitting for a July bar exam, and the withdrawal of the plea would not prejudice the government. The court denied the motion to withdraw the guilty plea, citing London's testimony during the Rule 11 plea colloquy and noting that London's prior counsel was arrested almost six weeks after the guilty plea. London sought reconsideration of the order denying the motion to withdraw the guilty plea, which the court denied.

At sentencing, the court determined that London's offense level was 25 and his criminal history category was V, resulting in a guidelines range of 100-125 months of imprisonment.[4] As to Count One, London had a statutory minimum sentence of 120 months imprisonment; as to Count Two, he had a statutory minimum of 60 months imprisonment. On November 7, 2007, the court sentenced London to 120 months as to Count One and 60 months as to Count Two, to run consecutively. London appealed.

---

[3] Later, London retained non-appointed counsel.

[4] The presentence investigation report ("PSI") set the base offense level at 27, with a guidelines range of 120-150 months of imprisonment. London did not object to the PSI. The court made adjustments based on revisions to the guidelines.

II.    DISCUSSION

A.    **Sufficient Factual Basis Supports Guilty Plea**

London argues that there is not a sufficient factual basis to support his guilty plea to Count Two, that he possessed a firearm in furtherance of a drug trafficking crime. London contends that the factual basis and the facts brought forth at the suppression hearing do not establish anything other than the mere presence of firearms near the drugs. The Government contends that London has failed to establish any error, and even if there is an error, London has not demonstrated that he would not have entered the guilty plea but for the error.

Both parties agree that this court should employ plain error review on this issue, because it was raised for the first time on appeal. *See United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006). Under plain error review, London must show (1) the existence of an actual error, (2) that the error was plain, and (3) that it affects substantial rights. *United States v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008). To show that the error affected London's substantial rights, he "must show a reasonable probability that, but for the error, he would not have entered the plea." *Castro-Trevino*, 464 F.3d at 541 (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). "If these conditions are met, an appellate court may exercise its discretion to notice the forfeited error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Moreno-Florean*, 542 F.3d 445, 448 (5th Cir. 2008) (citation omitted).

Pursuant to Federal Rule of Criminal Procedure 11(b)(3), the court must determine that there is a sufficient factual basis for the plea before entering judgment on a guilty plea. FED. R. CRIM. P. 11(b)(3); *United States v. Hildenbrand*, 527 F.3d 466, 474 (5th Cir. 2008). The district court must compare "(1) the conduct to which the defendant admits with (2) the elements of the

5

offense charged in the indictment or information." *Id.* at 474-75 (quoting *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc)).

Count Two states as follows:

> On or about March 23, 2006, in the Western District of Louisiana, the defendant, Tarry Cordell London, did knowingly and intentionally possess a firearm in furtherance and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A). [18 U.S.C. § 924(c)(1)(A)]

A defendant possesses a firearm in furtherance of a drug-trafficking offense when it "furthers, advances, or helps forward" that offense. *United States v. McGilberry*, 480 F.3d 326, 330 (5th Cir. 2007) (citation omitted). The district court may rely on facts adduced in the plea agreement and colloquy to establish that a defendant's possession of a firearm was in furtherance of drug-trafficking. *United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006). Several factors are helpful in making that determination, including:

> the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.

*Id.* at 490 (quoting *United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000)).

The factual basis of the plea agreement states that the officers located firearms in the bedroom closet; ammunition, firearm accessories, and a shoulder holster in the bedroom; and cocaine in the bedroom, which "was located in close proximity to the readily available loaded firearms." The plea agreement also states that London knew that, as a convicted felon, he was not supposed to possess firearms.

The pertinent portion of the plea colloquy is set forth below:

THE COURT: Let me read to you those counts in the indictment to which you are intending to plead guilty to today. . . .

And Count 2 is possession of a firearm. Let me read to you that count: On or about March 23, 2006, in the Western District of Louisiana, the defendant, Tarry Cordell London, did knowingly and intentionally possess a firearm in furtherance and in relation to a drug trafficking crime in violation of Title 18, United States Code, Section 924(c)(1)(A).

Those are the counts that I see that you are pleading guilty to today. Does that match up with what you intend to do today?

THE DEFENDANT: Yes, sir.

. . . .

THE COURT: All right. How do you wish to plead to Counts 1 and 2 today?

THE DEFENDANT: Guilty.

THE COURT: Can you tell me in your own words what you're pleading guilty to?

THE DEFENDANT: Yes, sir. To possession of a Schedule II and possession of a firearm.

THE COURT: In connection with that crime?

THE DEFENDANT: Yes.

. . . .

THE COURT: Title 18 of the United States Code, Section 924(c)(1) makes it a crime for anyone to use or carry a firearm during or in relation to a drug trafficking crime, or to possess a firearm in furtherance of such a crime. For you to be found guilty of this crime, Mr. London, the finder of fact, that is, the jury, must be convinced that the government has proven each of the following beyond a reasonable doubt: First, that you committed the crime alleged in Count 1. Possession with intent to distribute a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, is a drug trafficking crime. Second, that you knowingly possessed a firearm in furtherance of your alleged commission of the crime charged in Count 1. That's what the government has to prove on Count 2 if they went to trial. Do you

7

believe they could prove that against you beyond a reasonable doubt?

THE DEFENDANT: Yes, sir.

Plea Colloquy Tr. at 4-5, 15-16.

The factual basis of the plea agreement and the plea colloquy sufficiently support a finding that London possessed the firearms in furtherance of the drug trafficking crime.[5] The firearms were loaded, in close proximity to the drugs, and London possessed the firearms illegally as a convicted felon. The plea colloquy further demonstrates that London understood the possession of firearm charge was "in connection with" the other charge, the drug charge, and that London believed that the Government could prove Counts I and II beyond a reasonable doubt. The district court did not commit error in determining that a sufficient factual basis supports the guilty plea.

Even assuming *arguendo* that there was error, London does not allege on appeal that he would not have entered the guilty plea but for the error. Therefore, London has not demonstrated that any error affected his substantial rights. *See Castro-Trevino*, 464 F.3d at 541; *United States v. Laverde-Gutierrez*, No. 05-21048, 2008 WL 5068655, at * 4 (5th Cir. 2008) (unpublished) ("Because Laverde has not shown a reasonable probability that, but for the alleged Rule 11 violation . . . , he would not have pled guilty to possession of a firearm in furtherance of a drug-trafficking offense, his conviction . . . is [affirmed].")

---

[5] London seeks to rely upon testimony at the suppression hearing to argue that the firearms were acquired in exchange for crack cocaine, which London argues is insufficient under *Watson v. United States*, 128 S. Ct. 579 (2007). The Supreme Court in *Watson* was reviewing a case brought under the prior version of § 924(c)(1)(A), but the Court expressly reserved any ruling under the more current version of § 924(c)(1)(A). *See Watson*, 128 S. Ct. at 585-86 (citing *United States v. Cox*, 324 F.3d 77, 83 n.2 (2d Cir. 2003) ("For defendants charged under § 924(c) after the post-*Baily* amendment, trading drugs for a gun will probably result in possession in furtherance of a drug trafficking crime.")) (alterations in *Watson* included). The statute at issue in *Watson* did not contain the "possession in furtherance of" prong; it only prohibited using a firearm during and in relation to a drug trafficking crime. *See id.* at 585-86.

## B.      Increasing Criminal History by Six Points

London argues that the district court erred when it increased his criminal history by six points for two sentences that were imposed on the same day.[6]  He contends that his criminal history category should have resulted in only three total criminal history points.  The Government argues that even if one of the sentences had been incorrectly included in the calculation of London's criminal history, his substantial rights were not affected because the mandatory minimum sentence was 120 months imprisonment.  Therefore, any change in the criminal history calculation would not have resulted in a different result.

Again, London did not raise this issue in the district court, so this court should employ plain error review on this issue.  *See Castro-Trevino*, 464 F.3d at 541.  London concedes that he is subject to the mandatory minimum sentence, which the district court imposed.  Therefore, London cannot establish that any error substantially affected his rights.  We find no reversible error on this issue.

## C.      Motion to Suppress

London argues that the court failed to offer any factual basis for its decision to credit inconsistent and self-serving Government testimony over consistent testimony by three defense witnesses.  "When considering the denial of a motion to suppress, this court reviews the district court's factual findings for clear error and its Fourth Amendment conclusions de novo."  *United States v.*

---

[6] U.S.S.G. § 4A1.2(a)(2) provides as follows:

If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence.  Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense).  If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day.  Count any prior sentences covered by (A) or (B) as a single sentence.

*Troop*, 514 F.3d 405, 409 (5th Cir. 2008) (citing *United States v. Martinez*, 486 F.3d 855, 859 (5th Cir. 2007)). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Zavala*, 541 F.3d 562, 574 (5th Cir. 2008) (quoting *United States v. Jacquinot,* 258 F.3d 423, 427 (5th Cir.2001)). We view the evidence in the light most favorable to the party that prevailed in the district court, which is the Government in this case. *United States v. Chavez*, 281 F.3d 479, 483 (5th Cir. 2002). "Where a district court's denial of a suppression motion is based on live oral testimony, the clearly erroneous standard is particularly strong because the judge had the opportunity to observe the demeanor of the witnesses." *United States v. Santiago*, 410 F.3d 193, 197 (5th Cir. 2005) (citation omitted).

The only issue London raises on appeal regarding the denial of the motion to suppress is whether the district court committed clear error in finding that the search was conducted after the issuance of the warrant. The court's finding that the testimony of Defendant's relatives regarding the time the police arrived was not credible is entitled to strong deference, as the court was able to observe the demeanor of the witnesses during the hearing. It is also reasonable for the court to believe that the officer's testimony explaining that he made a mistake when he wrote "16:00" as the time of arrival at Defendant's residence. The time on the booking sheet showing that the arrest occurred at 16:01 supports the reasonableness of the court's factual determination. We find no clear error in the district court's denial of the motion to suppress.

### D. Ineffective Assistance of Counsel

London raises the ineffective assistance of counsel claim only as to his counsel's failure to call witnesses in relation to his motion to suppress. He reserves the right to raise other ineffective assistance of counsel claim in a post-conviction proceeding. London acknowledges that neither his former counsel nor he was sworn or subjected to a hearing on London's accusation of his counsel's

conduct. Nonetheless, London contends that the claim can be fairly evaluated by this court because the claim was presented to the district court, and the district court made a factual finding that London's counsel's alleged drug activity was irrelevant to the motion to suppress.

"The general rule in this circuit is that a claim of ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been before the district court since no opportunity existed to develop the record on the merits of the allegation." *United States v. Brewster*, 137 F.3d 853, 859 (5th Cir. 1998) (quoting *United States v. Thomas*, 12 F.3d 1355, 1368 (5th Cir. 1994)). This court will "undertake[] to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed the court to evaluate fairly the merits of the claim." *United States v. Kizzee*, 150 F.3d 497, 502 (5th Cir. 1998) (quoting *United States v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987)); *see Kizzee*, 150 F.3d at 503 ("Therefore, we decline to consider Kizzee's claims of ineffective assistance of counsel without prejudice to Kizzee's right to raise that issue in a § 2255 motion.").

London has prematurely raised this claim, because the record is not sufficiently developed to consider its merits.[7] London presented only an unsubstantiated and unsworn statement about his former counsel's conduct. *See Kizzee*, 150 F.3d at 503 ("If this Court were to analyze these issues on the present record, we would have to speculate as to the reasons for Maples' alleged acts and omissions."). Because of the alleged timing of the counsel's act, the court found the information irrelevant to the motion to withdraw the guilty plea. *But see Burdine v. Johnson*, 262 F.3d 336, 295 (5th Cir. 2001) ("Prejudice has not

---

[7] Where a defendant alleges deficient performance in failing to call a witness, the defendant must show "not only that this testimony would have been favorable, but also that the witness would have testified" to establish prejudice. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

been presumed for claims of denial of effective assistance due to counsel's alleged impairment because of alcohol, drug use, or a mental condition."). We therefore decline to consider this claim without prejudice.

### E.      Motion to Withdraw Guilty Plea

This court reviews a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Lampazianie*, 251 F.3d 519, 523 (5th Cir. 2001). "[T]here is no absolute right for a defendant to withdraw a plea." *Id*. at 523-24. The defendant must show a "fair and just reason" for withdrawing the guilty plea. FED. R. CRIM. P. 11(d)(2)(B). In reviewing the denial of a motion to withdraw a guilty plea, the court considers the seven factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1994): whether (1) the defendant asserted his innocence, (2) withdrawal would prejudice the government, (3) the defendant delayed in filing the withdrawal motion, (4) withdrawal would inconvenience the court, (5) adequate assistance of counsel was available, (6) the plea was knowing and voluntary, and (7) withdrawal would waste judicial resources. *Lampazianie*, 251 F.3d at 524 (citing *Carr*, 740 F.2d at 343-44). Neither factor is independently dispositive. *Id*. London has the burden of proof under the *Carr* factors. *Id*.

In his motion to withdraw his guilty plea, London blankly asserted his innocence, providing no facts to support the change of heart. He also stated that the Government suffered no prejudice, he believed the court would not be inconvenienced, he blamed the delay in seeking to withdraw the guilty plea on change of counsel, and he restated the allegations regarding his former counsel's alleged drug problems. London did not assert that his guilty plea was not knowing and voluntary.

In ruling on the motion, the district court stated the following:

During the Rule 11 hearing, defendant testified, under penalty of perjury, that he had had enough time to discuss his case in full with

12

Cucci [his former counsel] and was satisfied with Cucci's representation of his interests. He testified that he understood the charges against him and the potential consequences of his guilty plea. He testified that he graduated from high school and completed two and a half years of college. The defendant testified that he was pleading guilty because he was, in fact, guilty. At the conclusion of a lengthy colloquy, this Court found that the defendant's waiver of his rights was knowing and voluntary and his guilty plea was accepted. Although the defendant failed to submit evidence on this point, the Court was notified that Cucci was not arrested until April 14, 2007, almost 6 weeks *after* the defendant's guilty plea.

Based on the totality of the circumstances, the Court finds that the defendant has failed to make an adequate showing under the factors set forth in *United States v. Carr*, 740 F.2d 339 (5th Cir. 1984), to allow him to withdraw his guilty plea.

The district court did not abuse its discretion in denying London's motion to withdraw his guilty plea. Although London asserts his innocence, the assertion is unconvincing, especially where London makes no effort to discuss the knowing and voluntary nature of his plea. *Cf. United States v. Puckett*, 505 F.3d 377, 383 (5th Cir. 2007) (addressing belief that a brain tumor caused defendant to commit crime and stating that "[t]his bald assertion, without more, does not justify withdrawal"); *United States v. Bond*, 87 F.3d 695, 701 (5th Cir. 1996) ("Bond has asserted his actual innocence, but under *Carr*, this factor is insufficient on its own in the total absence of evidence to support the assertion, since a contrary rule would grant the defendant an unappropriate ability to reverse his decision to plead guilty."); *United States v. Ambrose* 159 F.3d 1356, 1998 WL 699039, at * 3 (5th Cir. 1998) (unpublished) (citing *Bond* and holding that "[b]ecause there was no evidence to support his assertion of innocence, this factor weighed in favor of the Government").

Regarding the other factors, the Government does not assert that it would be prejudiced by the withdrawal, but London does not explain the almost six (6) week delay. *See Carr*, 740 F.2d at 245 (finding that a 22-day delay was

excessive); *United States v. Thomas*, 13 F.3d 151, 153 (5th Cir. 1994) (stating that "six-week delay between entry of the plea and motion to withdraw is significant" and affirming denial of a motion to withdraw). Although London makes a bald assertion that the withdrawal would not inconvenience the court or waste judicial resources, he does not provide facts (such as the anticipated length of trial) for this court to consider. London's allegations regarding the adequacy of his counsel's assistance are speculative at best, and again, London offers no evidence to show that his counsel's assistance was inadequate. The factor that weighs heaviest against London is the knowing and voluntary nature of the guilty plea. London fails to even address this issue.

We affirm the district court's judgment as it relates to the court's denial of London's motion to withdraw his guilty plea.

### F.    Consecutive Sentences

London argues that the district court erred when it required London's ten-year sentence for his conviction under § 841(a)(1) to be served consecutively to his five-year sentence for his conviction under § 924(c)(1)(A). Although *United States v. Collins*, 205 F. App'x 196 (5th Cir. 2006) (unpublished), is not precedential, we adopt the reasoning and holding set forth in *Collins* and affirm the district court's judgment as it relates to the imposition of consecutive sentence terms.

### G.    Sentence Enhancement

London argues that the district court erred by sentencing him pursuant to §§ 841(b)(1)(B)(viii) and 851 based on his July 7, 1995 conviction and sentence for possession of cocaine because his state court simple possession conviction does not trigger the enhancement provisions of those code sections. London nonetheless concedes that this argument is foreclosed by *United States v. Sandle*, 123 F.3d 809 (5th Cir. 1997). We also affirm the district court's judgment as it relates to this issue.

## III.   CONCLUSION

We decline without prejudice to consider London's ineffective assistance of counsel claim.  We AFFIRM the district court's judgment.