# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 9, 2009

Charles R. Fulbruge III
Clerk

No. 07-30772

PAUL H. WILL

Petitioner-Appellee

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellant

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:06-CV-2007

---

Before JOLLY, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The State appeals the district court's grant of writ of habeas corpus to appellee Paul H. Will. Will is currently serving life in prison for aggravated kidnapping in the Louisiana State Penitentiary in Angola, Louisiana. The district court granted his petition for writ of habeas corpus due to ineffective assistance of counsel, after finding that Will's trial counsel failed to inform him of a plea offer of twenty to thirty years. Because the district court erroneously

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

interpreted state court findings, we reverse and render.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Trial

This case involves an aggravated kidnapping crossing state lines. The grand jury indicted Will for aggravated kidnapping and a lesser included charge of second degree kidnapping. Will proceeded to trial on the theory that his actions did not meet the definition of aggravated kidnapping and essentially conceded his guilt on the lesser included charge. The jury found him guilty of aggravated kidnapping. Will received the statutorily-mandated sentence of life in prison. Will appealed.

### B. Post-Trial Proceedings

After trial, Will's appeal followed a somewhat unusual course. The appellate court stayed his appeal and remanded to the trial court for an evidentiary hearing on whether the prosecution had offered a plea agreement that had never been conveyed to Will. The trial court held an evidentiary hearing where prosecuting attorney Cornelius Regan, Will's trial counsel Julian Murray, and Will testified regarding the alleged plea offer. The trial court made no factual findings. After the evidentiary hearing, the appellate court affirmed the conviction and sentence, but declined to make factual findings based on the evidentiary hearing. It reasoned that the plea agreement issue related to a potential ineffective assistance of counsel claim and should be handled in post-conviction relief. The Louisiana Supreme Court denied Will's petition for writ of certiorari.

Will filed an application for post-conviction relief in the state court. The trial court made factual findings based on the earlier evidentiary hearing and

denied relief. Will exhausted his appeals in the Louisiana state courts then filed this federal petition for writ of habeas corpus alleging insufficiency of evidence to prove aggravated kidnapping (though admitting the elements of second degree kidnapping) and ineffective assistance of counsel.

The court granted Will's habeas petition. The district court ruled there was sufficient evidence to find that the elements of aggravated kidnapping had been satisfied. Will does not appeal that decision. The district court also found that the prosecuting attorney had made a plea offer to Will's trial counsel that trial counsel failed to convey to Will. The district court found that the state court's decision denying relief despite the plea offer "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The district court ruled that failure to inform Will of the plea offer prejudiced Will under the Supreme Court's ineffective assistance of counsel jurisprudence because Will's testimony at the evidentiary hearing showed he would have taken the offer. The court vacated the conviction and sentence, and ordered that Will be released from custody within ninety days unless the State offered a plea offer with the same material terms of the plea offer it tendered before trial. The State moved to stay judgment pending appeal, and the district court granted the motion.

## C. The Plea Offer

The parties dispute whether Assistant District Attorney Cornelius Regan made a plea offer to defense counsel Julian Murray. Will first learned of a possible plea offer when, in the newspaper the day after his conviction, the victim and her family were quoted as "wonder[ing] why Will . . . didn't accept the 20-year sentence that was offered to him in a plea agreement." Will asked

Murray about the plea offer. This prompted Murray to write a letter to Regan asking that he confirm that Regan made no such offer. Murray wrote that:

> [a]fter talking with the [victim and her family] you called me and told me that the decision was made by the District Attorney's Office to proceed to prosecute the case as an aggravated kidnapping. You did mention in passing that you thought the [victim and her family] would like to see Paul do 20 to 30 years in jail, but that was never presented as an offer.
>
> I do not mean to suggest that if it had been an offer it would have been one that I would have recommended as being reasonable, or one that my client would have considered acceptable. However, it would have been an offer which I would have been ethically bound to convey to my client. I therefore would appreciate it if you would confirm to me in writing that at the time of our conversation you told me that the District Attorney's Office had determined to proceed with the case as an aggravated kidnapping.[1]

Regan did not respond to the letter.

There is also a minute entry from a pre-trial hearing reading "[t]he defendant has refused any plea offer, following setting is a priority setting." However, the accompanying audio transcript captures Murray stating "[w]e were in touch with the District Attorney's Office up until Thursday to determine whether or not this matter could be resolved by a plea. It was determined that it could not be." As this is the only reference in that hearing to plea discussions, it is clear the minute entry simply misstated the proceedings.

At the post-trial evidentiary hearing, Murray testified that he was "never given any term of years by the D.A.'s office" but that "[t]here were discussions in which I had recommended a certain number of years I would recommend to

---

[1] Aggravated kidnapping carries with it a mandatory sentence of life in prison. The decision to proceed as an aggravated kidnapping forecloses any possibility of a plea offer.

4

my client. I never told them he wouldn't take anything other than that . . . ." Murray testified that he would have recommended ten years, but that he never got to the point where he would make a recommendation to his client because the D.A.'s Office's informed him they were going to proceed to trial with the aggravated kidnapping charge.

Regan testified that the D.A.'s Office brought in the victim's family because he wanted to ascertain if they would feel comfortable with a plea offer. The family responded that it would be comfortable with twenty to thirty years. Reagan recalled that during a phone conversation with Murray, he mentioned that the family would be interested in a plea from twenty to thirty years, but that Murray informed him that his client would not accept more than three to five years. Regan also testified that in order to make a plea offer, the D.A.'s Office would have had to reduce the charges because aggravated kidnapping carried a mandatory life sentence, and the D.A.'s Office was not willing to reduce the charge unless it knew that he was going to accept twenty to thirty years. Regan testified that he had not responded to Murray's letter because "[he] didn't feel it needed any response."

On post-conviction relief, the state district court reviewed the transcript of the evidentiary hearing and made the following findings:

> In the instant case, defendant claims that counsel failed to advise him that a plea agreement to second degree kidnapping was offered by the State. A review of the defendant's records indicated that he knowingly entered a plea of not guilty. Further, defendant has not met his burden in proving that he involuntarily entered a plea of not guilty. Further, defendant claim [sic] relate to strategic choices made by his counsel at the time of the defendant's trial. The defendant's claims are essentially with his counsel's decisions regarding defendant's plea at trial. This is considered trial tactics

5

for purposes of evaluating the performance of defendant's counsel. Thus, defendant's claim must fail because his counsel's action at trial was considered trial tactics and under the *Strickland* test, the defendant has failed to meet the two-prong test.

The federal district court interpreted the state court decision as an implied, unarticulated finding that a plea offer of twenty to thirty years had been made. The district court reasoned that the state judge was "faced with two inconsistent versions of the plea discussions," and that the state court chose Regan's version. The named "inconsistent versions" were (1) Murray's denial that he told Regan that Will would refuse any particular number of years, and (2) Regan's testimony that Murray told him his client would not take more than three to five years. This is the only inconsistency in evidentiary hearing testimony.

After describing the evidence presented and recounting the state court's factual findings, the federal district court concluded that "[t]he trial court apparently made the factual finding that a plea offer of 20 to 30 years was in fact tendered, but rebuffed by defense counsel and without being conveyed to the petitioner." The district court continued:

> [h]ad the trial judge accepted defense counsel's version, that no plea offer was even made, that would have ended the discussion. By couching his decision in terms of defense counsel's "strategic choices" and "trial tactics" he necessarily found that a plea offer was in fact made, consistent with the prosecutor's testimony, but was not conveyed due to the "strategic choices" and "trial tactics" of defense counsel.

The district court ruled that failing to convey the plea offer to Will amounted to ineffective assistance of counsel that prejudiced Will because he would have accepted the plea offer based on his testimony at the evidentiary hearing.

6

## II. DISCUSSION

### A. Standard of Review

This court reviews the district court's findings of fact for clear error and its legal conclusions *de novo*, "applying the same standard of review to the state court's decision as the district court." *See Gomez v. Quarterman*, 529 F.3d 322, 327 (5th Cir. 2008) (quotations omitted), *cert. denied* 129 S. Ct. 628 (2008). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009) (quotations omitted).

In a habeas proceeding, we will "'not grant relief on any claim adjudicated on the merits by a state court unless the state decision was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or if the state court's determination of facts was unreasonable in light of the evidence.'" *Id.* (quoting *Thompson v. Cain*, 161 F.3d 802, 805 (5th Cir. 1998) (citing 28 U.S.C. § 2254(d))). The "state court's factual findings are presumed to be correct unless contravened by clear and convincing evidence." *Moody v. Quarterman*, 476 F.3d 260, 267 (5th Cir. 2007) (citing 28 U.S.C. § 2254(e)(1)). This presumption of correctness applies also to unarticulated findings necessary to the state court's conclusions of mixed law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for evaluating claims of ineffective assistance of counsel. The petitioner must first demonstrate that counsel's performance was deficient, and then prove that the deficient performance prejudiced his defense. *Id.* at 687.

The deficiency must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* To show prejudice, the petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

We have held that "failing to inform the defendant of a plea offer could amount to ineffective assistance of counsel." *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1997). "In determining whether or not to plead guilty, the defendant should be made aware of the relevant circumstances and likely consequences so that he can make an intelligent choice." *Id.* at 1170. We have not previously ruled that failure to inform a defendant of plea discussions could amount to ineffective assistance of counsel.

### 1. The State Court's Unarticulated Finding

The district court erred by finding that the state court implicitly found that Regan had made a plea offer. It is true that if the state court makes an unarticulated finding, then the district court must accept the finding as true unless it determines that the finding was unreasonable or clearly erroneous, *Richards v. Quarterman*, 566 F.3d 553, 563–64 (5th Cir. 2009), but the federal courts need not defer if there was no such finding. Interpretation of the state court's ruling is a matter of law that this court reviews *de novo*. *See Gomez*, 529 F.3d at 327.

The district court's conclusion was based on the state court's finding that Will's ineffective assistance claim "relate[s] to strategic choices made by his counsel at the time of [Will's] trial. [Will's] claims are essentially with his counsel's decision regarding [Will's] plea at trial. This is considered trial tactics

for purposes of evaluating the performance of [Will's] counsel." Although confusing, this language does not lead us to conclude that the state court found a plea offer had been made. It is more reasonable to conclude that the state court referred only to plea discussions instead of a bona fide plea offer. The state court would have been less likely to so easily dispose of Will's claim for ineffective assistance of counsel if it had found a plea offer had actually been made. Because the state court's ultimate conclusion did not require it to find a plea offer, we conclude that the state court did not find Regan made any plea offer to Murray. We must reverse the district court's ruling.

## 2. Evidence Supporting Plea Offer

In light of our holding that the state court did not find that Regan made a plea offer, we ask whether the district court committed clear error by finding that a plea offer had been made. If the district court's finding was clearly erroneous, we need not remand for the district court to make factual findings in light of our decision.

A review of the record reveals no evidence that Regan made a plea offer to Murray. The testimony at the evidentiary hearing is consistent with preliminary plea negotiations: that Regan told Murray that the family had expressed interest in a twenty to thirty year deal, and that Murray's response led Regan to believe that they were too far apart in terms of years to justify continued negotiations. The only inconsistency supported by the evidence is whether Murray told Regan his client would only plea to three to five years. This dispute has no bearing on whether Regan made an offer to Murray.

The only parties present at the plea negotiations testified that neither Regan nor anyone else at the D.A.'s Office made a plea offer. On cross-

examination at the evidentiary hearing, counsel asked Regan "did the State of Louisiana ever offer Mr. Will a plea agreement?" Regan responded "No." Murray wrote a letter post-trial that a plea offer had not been made, and stated at the pre-trial conference "[w]e were in touch with the District Attorney's Office up until Thursday to determine whether or not this matter could be resolved by a plea. It was determined that it could not be."[2] Murray also testified at the evidentiary hearing that the D.A.'s Office never made a plea offer.

Because Murray and Regan were the only two people present and competent to testify as to the supposed plea offer, we need not look beyond their testimony. Both deny that a plea offer was ever made, and there is no reason to doubt the credibility of their testimony. We therefore conclude that it is not plausible, in light of the record as a whole, to find that Regan made a plea offer to Murray. *See London*, 568 F.3d at 561. A finding otherwise is clearly erroneous.

### 3. Plea Discussions

At oral argument, Will's counsel argued that the failure to disclose the substance of plea negotiations amounts to ineffective assistance of counsel. Will did not make this contention in his brief, and only argued that a failure to inform the client of an existing plea offer amounts to ineffective assistance of counsel. Will also failed to argue before the district court that a failure to communicate the substance of plea negotiations amounted to ineffective assistance of counsel. If not raised before the district court, arguments are waived and cannot be raised on appeal. *See LeMaire v. La. Dep't of Transp. &*

---

[2] The minute entry at the pre-trial hearing suggesting that a plea offer was made can not be considered, because it merely misstates what was said at the hearing.

*Dev.*, 480 F.3d 383, 388 (5th Cir. 2007) (citing *Tex. Commercial Energy v. TXU Energy, Inc.*, 413 F.3d 503, 510 (5th Cir. 2005)). "However, an argument is not waived on appeal if the argument on the issue before the district court was sufficient to permit the district court to rule on it." *In re Liljeberg Enters., Inc.*, 304 F.3d 410, 428 n.29 (5th Cir. 2002).

In this case Will never argued to the district court that failing to inform a defendant of the substance of plea negotiations rises to the level of ineffective assistance of counsel and there was no argument regarding whether Will was prejudiced by the failure to convey plea negotiations. Therefore, we do reach the merits of Will's contention that Murray's failure to inform him of plea discussions amounted to ineffective assistance of counsel.

### III. CONCLUSION

Because we have determined that there was no ineffective assistance of counsel under the first *Strickland* prong, we need not ask whether the counsel's actions caused the defendant prejudice. Accordingly, the judgment is REVERSED and RENDERED for the State.