**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2009

Charles R. Fulbruge III
Clerk

No. 08-10438
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY JOY, also known as Greg Joy,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:06-CR-23-7
USDC No. 5:07-CV-137

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gregory Joy, federal prisoner # 34589-177, pleaded guilty to possessing less than 50 grams of crack cocaine with intent to distribute it, and aiding and abetting. The plea agreement contained a provision waiving his right to challenge his conviction or sentence on appeal or in a collateral proceeding, though he reserved the right to appeal a sentence exceeding the statutory maximum or based on an error of arithmetic, to challenge the voluntariness of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the plea or the appeal waiver, and to bring a claim of ineffective assistance of counsel. He was sentenced to a prison term of 200 months, which was within the guidelines range.

Joy did not file a notice of appeal, but he instead sought to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied relief and declined to issue a certificate of appealability. This court, however, granted Joy's request for a certificate of appealability on the issues whether his counsel "rendered ineffective assistance by failing to file a notice of appeal on Joy's behalf and whether Joy was entitled to an evidentiary hearing on this claim."

After Joy filed his appellant brief, we granted the Government's motion to remand the case to the district court for an evidentiary hearing. Following the evidentiary hearing, the case was returned to this court and briefing resumed. The Government has now filed its appellee brief, and Joy has not filed a reply brief.

At the evidentiary hearing, Joy and his former attorney gave conflicting accounts about whether Joy asked the lawyer to file a notice of appeal. According to Joy, in the courtroom after he was sentenced, he told his attorney that he would like an appeal and his attorney responded that he would get back to Joy. Joy, however, admitted that although he knew that he had only a 10-day window to file a notice of appeal, he did not attempt to contact his lawyer for several months and that he did not tell his family about his wish to appeal. His attorney testified that immediately after sentencing, he and Joy discussed the possibility of an appeal and that he advised against bringing an appeal; he did not remember Joy asking for an appeal and that, if Joy had asked for an appeal, counsel would have perfected it. The magistrate judge found that Joy did not establish by a preponderance of the evidence that he instructed counsel to appeal. The district court adopted the magistrate judge's findings.

We review factual findings for clear error. *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008); *see also United States v. Mays*, 466 F.3d 335, 342

(5th Cir. 2006). On the record before the magistrate judge, the finding that the preponderance of the evidence did not support Joy's contention that he instructed his lawyer to file a notice of appeal is plausible and, thus, is not clearly erroneous. *See United States v. London*, 568 F.3d 553, 561 (5th Cir.) *petition for cert. filed* (Aug. 11, 2009) (No. 09-5844). Because Joy has not established that he directed his lawyer to file a notice of appeal, he cannot succeed on his claim that counsel was ineffective for failing to carry out the request. *Cf. Roe v. Flores-Ortega*, 528 U.S. 470, 477, 486 (2000) (explaining that counsel's failure to abide by his client's request to file a notice of appeal constitutes ineffective assistance even without a showing that the appeal would be meritorious). Nor was it clearly erroneous for the magistrate judge to decline to find that Joy's attorney failed to consult with him given his attorney's testimony that he discussed the possibility of an appeal with Joy and had advised against such an appeal. *Cf. id.* at 480.

The district court's judgment denying Joy's motion to vacate his sentence is AFFIRMED.