# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2011

Lyle W. Cayce
Clerk

No. 09-31052
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DWIGHT C. JACKSON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-85-1

Before JONES, Chief Judge, and STEWART and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Dwight C. Jackson appeals from the sentence imposed following his guilty plea conviction for possession of five grams or more of cocaine base with intent to distribute and possession of a firearm in furtherance of a drug trafficking crime. Jackson's sentence on the drug count was enhanced due to his prior conviction for possession of cocaine. The district court sentenced Jackson to the statutory minimum sentence of 120 months of imprisonment on the drug count

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the statutory minimum consecutive sentence of 60 months of imprisonment on the firearm count.

Jackson first argues that the five-year minimum sentence required by 18 U.S.C. § 924(c)(1)(A)(i) should not have been imposed because his sentence on the drug possession count constitutes a greater minimum sentence than is otherwise provided by another provision of law. As he concedes, his argument is foreclosed in this circuit; this issue has since been decided adversely to him by the Supreme Court. *See Abbott v. United States*, 131 S. Ct. 18, 23 (2010); *United States v. London*, 568 F.3d 553, 564 (5th Cir. 2009).

Next, Jackson argues that his case should be remanded to the district court for resentencing under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which raised the minimum quantity of cocaine base required to trigger the mandatory minimum sentence he received on the drug count. Although his guilty plea and sentencing occurred before the effective date of the Fair Sentencing Act, he maintains that the Fair Sentencing Act is retroactively applicable because his case is not yet final. This argument is also foreclosed. *See United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011).

AFFIRMED.