# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2012

Lyle W. Cayce
Clerk

No. 11-50841
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

VIDAL SAULS,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:09-CR-713-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In this appeal, Vidal Sauls challenges his convictions for possessing a firearm during the commission of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A), and for possessing a firearm following a felony conviction. *See* 18 U.S.C. § 922(g)(1). Sauls does not challenge his conviction for possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base. *See* 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50841

Sauls was convicted after a warrant search of the residence he shared with another adult uncovered more than 100 grams of cocaine base—including 26 grams found on a ledge at the top of a kitchen wall along with a cereal box containing $1,500 in cash, a folder containing documents pertaining to Sauls's supervised probation, and in close proximity to the folder and the cereal box, a 9mm Hi-Point rifle loaded with a clip containing ten rounds of ammunition. Before the date of the search, Sauls had twice been convicted of state felonies.

Our standard of review for sufficiency of the evidence in a bench trial is "whether the finding of guilt is supported by substantial evidence, i.e., evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond reasonable doubt that the defendant is guilty." *United States v. Turner*, 319 F.3d 716, 720 (5th Cir. 2003) (quoting *United States v. Mathes*, 151 F.3d 251, 252 (5th Cir. 1998)) (internal quotation mark omitted). We view all evidence in the light most favorable to the Government and defer to all reasonable inferences drawn by the district court. *Id.* at 720-21. If the evidence gives "equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence," the defendant is entitled to acquittal. *Id.* at 721 (quoting *United States v. Brown*, 186 F.3d 661, 664 (5th Cir. 1999)) (internal quotation mark omitted).

A conviction under § 922(g)(1) requires proof that a defendant who had previously been convicted of an offense punishable by a prison term in excess of one year later knowingly possessed a firearm that was in or affected interstate commerce. *United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005). In the instant case, a rifle was found in Sauls's kitchen, an area of the premises that was subject to Sauls's control, even if it was also subject to the control of others. *See United States v. Mergerson*, 4 F.3d 337, 348-49 (5th Cir. 1993). Moreover, while denying that it was his, Sauls acknowledged in a written statement that he knew about the rifle. Because the rifle was very near Sauls's important personal papers and concealed cash and in the same room as a significant amount of cocaine base, there was substantial evidence that Sauls constructively

possessed the rifle. *See United States v. De Leon*, 170 F.3d 494, 496 (5th Cir. 1999).

Under § 924(c)(1)(A), "[a] defendant possesses a firearm in furtherance of a drug-trafficking offense when it 'furthers, advances, or helps forward' that offense." *United States v. London*, 568 F.3d 553, 559 (5th Cir. 2009) (quoting *United States v. McGilberry*, 480 F.3d 326, 330 (5th Cir. 2007)). The loaded, non-sporting rifle was stored—in premises housing drug paraphernalia—near Sauls's drugs and important personal papers and some hidden cash, and it could be reached by Sauls without great effort. There was thus substantial evidence that Sauls possessed the rifle in furtherance of the drug trafficking crime to which he pleaded guilty. *See id.*, 559-60.

AFFIRMED.