# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40514
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FORTION RIOS-MARTINEZ, true name Fortino Rios-Martinez,

Defendant-Appellant

c/w No. 16-40513

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FORTINO RIOS MARTINEZ, also known as Rafael Rios Martinez,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1365-1
USDC No. 5:08-CR-1081-1

No. 16-40514
c/w No. 16-40513

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges

PER CURIAM:[*]

Fortino Rios-Martinez appeals his most recent conviction and sentence for illegal reentry as well as the revocation of his term of supervised release imposed in his 2008 illegal reentry case. He argues that the district court erred by denying his motion to withdraw his guilty plea.

We review for an abuse of discretion, considering the factors set forth in *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). *See United States v. London*, 568 F.3d 553, 562-63 (5th Cir. 2009). Rios-Martinez testified under oath during rearraignment that he was pleading guilty voluntarily and that he was satisfied with the Assistant Federal Public Defender's performance, and these "solemn declarations in open court carry a strong presumption of verity." *United States v. McKnight*, 570 F.3d 641, 649 (5th Cir. 2009) (internal quotation marks and citation omitted). Rios-Martinez's unsupported assertions that he was coerced to reenter the United States and to plead guilty are not sufficient to assert his innocence, especially since he does not attempt to address the aforementioned sworn testimony. *See London*, 568 F.3d at 563.

In his motion to withdraw his plea below, Rios-Martinez estimated that his jury trial would take two days, which is not so insubstantial as to "necessitate a finding that there is no inconvenience to the district court." *McKnight*, 570 F.3d at 650. He does not address, much less challenge, the district court's holdings that the remaining *Carr* factors weigh against him, nor does he brief adequately his assertion that the revocation of his supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40514
c/w No. 16-40513

release must be vacated. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); FED. R. APP. P. 28(a)(8).

AFFIRMED.