# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51089
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARL WAYNE WILEY,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-922-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Carl Wayne Wiley appeals his jury-trial conviction and 571-month sentence for attempting to kill a federal agent, assaulting or resisting a federal agent, and two related firearm crimes. His sentence included consecutive sentences of 10 and 25 years for the firearm crimes under 18 U.S.C. § 924.

Wiley first contends that trial counsel was ineffective for failing to advise him that he faced mandatory consecutive sentences if convicted of the firearm

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51089

crimes. He also asserts other instances of ineffectiveness. Although the district court allowed the parties to make a limited record concerning the failure to advise of consecutive sentences, the record is otherwise insufficiently developed for us to decide on direct appeal the issue of trial counsel's ineffectiveness. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009) (declining to address an ineffective-assistance claim that was raised in the district court). The issue may be raised in a proceeding under 28 U.S.C. § 2255. *See London*, 568 F.3d at 562.

In addition, Wiley asserts that he was compelled to bargain away his right to file pro se motions in order to get the appointed counsel of his choice. This claim is reviewed only for plain error because it was not raised in the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Accordingly, Wiley must at least show that a legal error was "clear or obvious, rather than subject to reasonable dispute." *Id.* If he does so, and if he also shows that the error affected his substantial rights, this court has the discretion to correct the error if it seriously affects the integrity, fairness, or public reputation of the proceedings. *See id.* Wiley fails to show any error. First, he had no Sixth Amendment right to have his choice of appointed counsel. *See Luis v. United States*, 136 S. Ct. 1083, 1089 (2016); *Green v. Johnson*, 160 F.3d 1029, 1045 (5th Cir. 1998). He likewise had no right to file pro se motions while represented by counsel. *See United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (noting that hybrid representation, partly pro se and partly counseled, is not allowed). Moreover, even if there were an error, it did not affect Wiley's substantial rights because he was represented by the lawyer he asked for. This claim is legally frivolous.

The judgment is AFFIRMED.