# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50291
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 4, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CR-281-1

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

Michael Garza is serving a 120-month prison sentence, which he received upon his plea of guilty to conspiring to distribute and to possess with intent to distribute 50 grams or more of actual methamphetamine and a quantity of marijuana. Garza appeals his conviction, arguing that the plea was not supported by an adequate factual basis. Specifically, he contends that the facts in the record did not prove that he entered into an agreement with another

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

person and that he conspired to distribute and to possess intending to distribute 50 grams or more of actual methamphetamine. Though his plea agreement contains a waiver of the right to appeal, it does not bar him from challenging the factual basis of his plea. *See United States v. Trejo*, 610 F.3d 308, 312-13 (5th Cir. 2010). However, because Garza did not object to the factual basis in the district court, our review is for plain error only. *See id.* at 313.

Viewing the admissions Garza made at the time he pleaded guilty along with other facts in the record, including those in the presentence report, and the inferences that can be drawn from those facts, we conclude that there was no clear or obvious error in finding that Garza voluntarily participated in an agreement to distribute and to possess intending to distribute more than 50 grams or more of actual methamphetamine. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014); *Trejo*, 610 F.3d at 313, 317. Law enforcement officers purchased approximately 73.2 grams of actual methamphetamine from Garza and his codefendant. A search of Garza's home turned up quantities of actual methamphetamine, hydroponic marijuana, THC wax, a semiautomatic handgun, and over $3,000 in cash. Garza admitted that, over the course of several months, he bought approximately 1.5 pounds of methamphetamine and 48 pounds of hydroponic marijuana, which he then resold. Furthermore, the indictment to which Garza pleaded guilty and which was read at rearraignment charged that Garza and his codefendant "did combine, conspire, confederate and agree [] together and with others known and unknown to the Grand Jury" to commit drug offenses. From these facts, it is reasonable to infer that Garza entered into an agreement to distribute and possess intending to distribute 50 grams or more of actual methamphetamine. *See United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993) (explaining that

No. 17-50291

a person "becomes a member of a drug conspiracy if he knowingly participates in a plan to distribute drugs, whether by buying, selling or otherwise").

Furthermore, even if Garza could establish that the district court committed a clear or obvious error, he has not even attempted to show that his substantial rights were affected because he has not asserted that, but for the error, there is a reasonable probability that he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. London*, 568 F.3d 553, 560 (5th Cir. 2009).

The district court's judgment is AFFIRMED.