# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2022

Lyle W. Cayce
Clerk

No. 21-40126
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CANDELARIO ORONA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:20-CR-114-4

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Candelario Orona pleaded guilty to conspiring to possess with the intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and conspiring to commit money laundering in violation of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-40126

18 U.S.C. §§ 1956(h) and 1956(a)(2).  He now appeals his conviction for conspiracy to commit international money laundering.

For the first time on appeal, Orona argues that the district court erred in accepting his guilty plea because there was an inadequate factual basis as to one element, specifically, the transport or attempted transport of funds between the United States and another country.  Reviewing his argument for plain error in light of the entire record, we affirm.  *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).  Even if we assume that the district court clearly or obviously erred in finding a sufficient factual basis as to this element, Orona must show that the error affected his substantial rights. In order to do so in this context, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).  Orona did not even argue that he would not have pleaded guilty but for this alleged error; as such, he fails to show that the alleged error affected his substantial rights.  *See id.*; *United States v. London*, 568 F.3d 553, 560 (5th Cir. 2009).

Accordingly, the judgment of the district court is AFFIRMED.