# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 7, 2022

Lyle W. Cayce
Clerk

No. 21-40472
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOSE RAMON REYES VILLAGRAN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-134-1

Before BARKSDALE, COSTA, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Jose Ramon Reyes Villagran challenges his convictions for: conspiracy to manufacture and distribute five kilograms or more of cocaine, intending that it would be imported unlawfully into the United States, in violation of 21 U.S.C. § 963; and manufacturing and distributing five

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

kilograms or more of cocaine, intending that it would be imported unlawfully into the United States, in violation of 21 U.S.C. § 959. His only claim, however, is raised for the first time on appeal: the district court erred in accepting his guilty pleas because there was an inadequate factual basis showing that he intended, knew, or had reasonable cause to believe that the cocaine would be imported into the United States.

As Villagran acknowledges, he did not raise this issue in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Even assuming the court clearly or obviously erred by accepting Villagran's pleas based on the available record supporting the challenged element of his offenses, this error does not warrant reversal under plain-error review. Because Villagran does not contend he would not have pleaded guilty but for the claimed error, he has failed to demonstrate that his substantial rights were affected. *See United States v. London*, 568 F.3d 553, 558, 560 (5th Cir. 2009) (holding insufficiency in factual basis did not affect defendant's substantial rights because he "[did] not allege on appeal that he would not have entered the guilty plea but for the error").

AFFIRMED.