# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2022

Lyle W. Cayce
Clerk

No. 20-50843
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN GENE MITCHELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CR-260-1

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

John Gene Mitchell pleaded guilty to possession with the intent to distribute five grams or more of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). He now appeals his conviction for

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50843

possession of a firearm by a felon, claiming that the district court erred in accepting his guilty plea because there was an inadequate factual basis to demonstrate that he knowingly possessed the firearms in question.

Because Mitchell did not object to the sufficiency of the factual basis of his plea before the district court, our review is restricted to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019). Mitchell must demonstrate, therefore, that any error affected his substantial rights. *Puckett*, 556 U.S. at 135. Even if we assume that the district court clearly or obviously erred in finding a sufficient factual basis to support the conviction, Mitchell fails to allege in his brief, let alone demonstrate, that but for this error he would not have pleaded guilty. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *United States v. London*, 568 F.3d 553, 560 (5th Cir. 2009) (holding insufficiency in factual basis did not affect defendant's substantial rights because he "[did] not allege on appeal that he would not have entered the guilty plea but for the error").

Accordingly, the judgment of the district court is AFFIRMED.