**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-51111 con w/08-51115
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL TERRELL RANDALL

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:08-CR-56-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Michael Terrell Randall is appealing his guilty plea conviction, made pursuant to a plea agreement, to conspiracy to distribute and possess with intent to distribute fifty grams or more of methamphetamine. Randall was sentenced to a term of 240 months of imprisonment.

Randall argues that there is no factual basis in the record to support his guilty plea because the factual resume was not filed in the record. The Government responds that review is for plain error because Randall is raising

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the issue for the first time on appeal. The Government argues that the magistrate judge considered the factual basis at the hearing, that Randall agreed with that statement, and that he had signed the factual basis supporting the guilty plea.

Because this issue is raised for the first time on appeal, review is for plain error. *United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006). Under the plain error standard, the relief for error is tied to a prejudicial effect. To show prejudice, Randall must show a reasonable probability that, but for the error, he would not have entered the plea. The factual basis for the guilty plea must appear in the record and must be sufficiently specific to allow the court to determine that the defendant's conduct was within the ambit of that defined as criminal.

The record sufficiently reflects that the magistrate judge ascertained that Randall committed the specific conduct charged in the indictment regarding the distribution of methamphetamine. Randall acknowledged that he had read and signed the plea agreement in which he had admitted guilt to count I, as set out in the factual resume, and that it reflected that he had conspired with others to distribute methamphetamine. The magistrate judge indicated that he had a copy of the factual resume at the hearing, and Randall agreed with its contents, except for a statement that he had made a trip to Dallas. The record reflects that Randall understood the nature of the charge against him and admitted the factual basis supporting the charge. Even assuming plain error, there is nothing in the record to indicate that Randall would not have entered the guilty plea but for the error. *See United States v. London*, 568 F.3d 553, 560 (5th Cir. 2009). Thus, Randall has not established that the error affected his substantial rights. *See id.*

The conviction is AFFIRMED.