# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-40781
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RENE HUERTA, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:10-CR-1396-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rene Huerta, Jr., contests his jury-trial conviction of being a felon in possession of ammunition affecting interstate commerce, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (count one), and of attempting to export a defense article from the United States to Mexico without a license, in violation of 22 U.S.C. § 2778(b)(2), (c) and 22 C.F.R. § 121.1 (count two).  The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40781

court sentenced Huerta to concurrent terms of 120 months' imprisonment as to count one and 136 months' imprisonment as to count two.

Huerta contends the evidence was insufficient to prove he knowingly possessed the ammunition found in a hidden compartment of the vehicle he was driving. Because Huerta preserved the sufficiency issue, *see United States v. Allison*, 616 F.2d 779, 784 (5th Cir. 1980), we must determine whether, viewing the evidence in the light most favorable to the verdict, a rational juror could have found the evidence established the essential elements of the offense beyond a reasonable doubt, *United States v. Lopez-Moreno,* 420 F.3d 420, 437-38 (5th Cir. 2005).

The conviction requires proof Huerta knowingly possessed the ammunition. *See* § 922(g)(1); *United States v. Meza*, 701 F.3d 411, 421-22 (5th Cir. 2012). "[T]o satisfy the knowledge element in hidden compartment cases, this Court has normally required additional 'circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge'". *United States v. Mudd*, 685 F.3d 473, 477 (5th Cir. 2012) (quoting *United States v. Resio–Trejo*, 45 F.3d 907, 911 (5th Cir. 1995)) (alteration added). Huerta's conflicting statements, implausible accounts, possession of large amounts of cash, and nervousness, "when considered as a whole, provide[] a substantial basis for the jury to find [his] possession was knowing". *United States v. Miller*, 146 F.3d 274, 281 (5th Cir. 1998) (alterations added).

Huerta raises his next two challenges for the first time on appeal; therefore, review is only for plain error. *E.g.*, *United States v. Randall*, 342 F. App'x 991, 992 (5th Cir. 2009) (citing *United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006)). For reversible plain error, Huerta must show a clear or obvious forfeited error that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion

2

No. 11-40781

to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

First, Huerta contends counts one and two were constructively amended by the jury instructions. "A constructive amendment occurs when the trial court through its instructions . . . allows proof of an essential element of a crime on an alternative basis permitted by the statute but not charged in the indictment". *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991) (citations and internal quotation marks omitted). The district court followed our pattern jury instructions with respect to counts one and two. Thus, Huerta has not shown error. *See United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009) ("[A] district court does not err by giving a charge that tracks this [c]ircuit's pattern jury instructions and that is a correct statement of the law".) (alteration added).

Second, Huerta contends he was entitled to an entrapment instruction. Although Huerta claims he was not predisposed to commit the offenses, he does not claim the Government induced him to commit them. Accordingly, he has not demonstrated error in connection with the district court's failure to provide an entrapment instruction. *See United States v. Thompson*, 130 F.3d 676, 689 (5th Cir. 1997) ("Entrapment . . . requires a defendant to show he was induced to commit a criminal act by a government agent *and* that he was not predisposed to commit the act without the inducement".) (emphasis added).

Finally, Huerta contends his trial attorney performed ineffectively by failing to request an entrapment instruction and by failing to advise him regarding an offered plea agreement. "[T]he general rule in this circuit is that a claim for ineffective assistance of counsel cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations."

No. 11-40781

*United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (alteration in original) (citation and internal quotation marks omitted).  Because "we cannot fairly evaluate the claim[s] from the record", we decline to consider them, without prejudice to Huerta's right to raise them in a subsequent proceeding, such as pursuant to 28 U.S.C. § 2255.  *United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008).

 AFFIRMED.