MODIFIED

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2020

Lyle W. Cayce
Clerk

No. 20-10272
Summary Calendar

SEALED APPELLEE,

*Plaintiff—Appellee*,

*versus*

SEALED APPELLANT,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CR-641-1

Before WIENER, SOUTHWICK, and DUNACAN, *Circuit Judges*.

PER CURIAM:*

Appellant pleaded guilty, pursuant to a plea agreement, to conspiracy to commit wire fraud in violation of 18 U.S.C. §§ 1343 & 1349, in connection

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

with a scheme involving the use of phone calls, emails, and wire transfers to defraud the victim of hundreds of thousands of dollars. As part of his plea agreement, Appellant generally waived his right to appeal his conviction and sentence with the exception of, *inter alia*, a claim of ineffective assistance of counsel. At sentencing, per the request of Appellant and his counsel, the Government withdrew the substantial assistance motion it had filed under U.S.S.G. § 5K1.1. Appellant was sentenced to 175 months in prison, and he now appeals his conviction and sentence.

Appellant first argues his plea was not supported by a sufficient factual basis. Plain error review applies because Appellant did not object to the alleged error in the district court. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Under this standard, Appellant must show a clear or obvious error that affects his substantial rights. *Id*. at 319. If he meets his burden, this court should remedy the error only if it "seriously affected the fairness, integrity or public reputation of the judicial proceedings." *Id*. (internal quotation marks and citation omitted). The essential elements of a wire fraud conspiracy conviction under §§ 1343 & 1349 include, *inter alia*, the use of interstate wire communications in furtherance of the scheme. *See United States v. Kuhrt*, 788 F.3d 403, 413-14 (5th Cir. 2015); *United States v. Izydore*, 167 F.3d 213, 219 (5th Cir. 1999).

Appellant argues the factual basis is insufficient because the record does not include specific facts showing that any of the wire communications sent in furtherance of the scheme crossed state lines. The Government argues it is not required to show an actual interstate wire communication and that the factual basis is sufficient if it shows it was reasonably foreseeable that the scheme could have involved the use of interstate wires. This argument is without merit, as it is well-established in this circuit that proof of an interstate transmission is required for a wire fraud conspiracy conviction. *See Izydore*, 167 F.3d at 219; *Smith v. Ayres*, 845 F.2d 1360, 1366 (5th Cir. 1988).

However, Count One of the indictment, which Appellant pleaded guilty to, did state that many of the emails involved in the scheme traveled in interstate commerce. Thus, Appellant has not shown any clear or obvious error. *See Trejo*, 610 F.3d at 319. Even if he had done so, he has not met his burden of demonstrating the alleged error affected his substantial rights. *See United States v. Nepal*, 894 F.3d 204, 212 (5th Cir. 2018); *United States v. London*, 568 F.3d 553, 560 (5th Cir. 2009).

Appellant next argues the district court erred at sentencing by failing to conduct a hearing under *Faretta v. California*, 422 U.S. 806 (1975), after Appellant requested that the § 5K1.1 motion be withdrawn. The Government asserts the instant argument is barred by the appeal waiver in Appellant's plea agreement. We need not resolve the waiver dispute because Appellant's claim is resolvable on the merits. *See United States v. Story*, 439 F.3d 226, 230 (5th Cir. 2006). Review is for plain error only, as Appellant did not preserve his challenge. *See United States v. Virgil*, 444 F.3d 447, 456 (5th Cir. 2006); *United States v. Phipps*, 319 F.3d 177, 189 n.14 (5th Cir. 2003).

Appellant's argument presupposes that, by addressing the district court about his concerns with the § 5K1.1 motion, he was effectively allowed to proceed pro se. His contention is without basis in fact. At sentencing, after the district court asked him if he had any questions about the presentence report, Appellant stated he wanted the Government to withdraw its § 5K1.1 motion. The district court allowed Appellant to speak with his attorney off the record, and Appellant's attorney then stated that, pursuant to Appellant's request, he had asked the Government to withdraw the motion and that the Government had agreed to withdraw it. Appellant has not offered any authority in support of his assertion that he engaged in self-representation by addressing the district court and answering its questions, or that the district court erred by allowing Appellant's counsel to follow his

client's instructions. Accordingly, he has not shown any clear or obvious error. *See Trejo*, 610 F.3d at 319.

Finally, for the first time on appeal, Appellant argues his counsel at sentencing was ineffective because he did not object to Appellant's participation in the sentencing proceeding and did not object to the withdrawal of the § 5K1.1 motion. Generally, an ineffective assistance of counsel claim cannot be resolved on direct appeal if it was not first raised in the district court since "no opportunity existed to develop the record on the merits of the allegations." *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted). This is not one of those "rare cases" where the record allows this court to fairly evaluate the merits of the claim. *See United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992). We therefore decline to consider Appellant's ineffective assistance of counsel claim without prejudice to his right to seek collateral review.

The district court's judgment is AFFIRMED.[1]

---

[1] On October 13, 2020, four days after our original opinion was issued, Appellant filed an unopposed motion seeking a limited remand for the purpose of correcting a clerical error in the amount of restitution he had been ordered to pay. That motion is GRANTED.