# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2021

Lyle W. Cayce
Clerk

No. 20-40779
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARCO RODRIGUEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:18-CR-87-6

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Marco Rodriguez pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h).

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40779

He was sentenced to 360 months of imprisonment on the drug conspiracy charge and to a concurrent 240-month term for the money laundering conspiracy.

For the first time on appeal, Rodriguez argues that the factual basis was insufficient to support his plea to the conspiracy to commit money laundering charge. Because he did not object to the sufficiency of the factual basis underlying his plea in district court, this court reviews the issue for plain error only. *See United States v. Palmer*, 456 F.3d 484, 489 (5th Cir. 2006). To establish plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but should do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Rodriguez argues that the factual basis for his plea was insufficient to establish the elements of the crime of money laundering under 18 U.S.C. § 1956(a) because it did not establish any financial transactions affecting interstate commerce. The argument is not well-taken. Rodriguez was convicted of conspiracy to launder money under § 1956(h); the object of the conspiracy was concealment money laundering under § 1956(a). Conspiring to commit an offense is distinct from the crime that is the object of the conspiracy, *see United States v. Threadgill*, 172 F.3d 357, 367 (5th Cir. 1999), and no overt act was required, *United States v. Guillermo Balleza,* 613 F.3d 432, 433 n.1 (5th Cir. 2010). In other words, the elements of a money-laundering conspiracy do not include a completed financial transaction affecting interstate commerce. *See United States v. Gibson*, 875 F.3d 179, 192 (5th Cir. 2017). Rodriguez makes no argument that the factual basis is insufficient to meet the elements of a conspiracy charge. *See United States v. Cessa*, 785 F.3d 165, 173 (5th Cir. 2015); *see also United States v. Still,* 102 F.3d 118, 122 n.7 (5th Cir. 1996).

Moreover, even if it is assumed arguendo that the district court clearly or obviously erred in accepting the factual basis for his plea, Rodriguez fails to show that the error affected his substantial rights because he does not assert that he would not have pleaded guilty but for the error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also United States v. Castro-Trevino*, 464 F.3d 536, 540-47 (5th Cir. 2006). He thus fails to demonstrate any reversible plain error. *See United States v. London*, 568 F.3d 553, 560 (5th Cir. 2009). Accordingly, the district court's judgment is AFFIRMED.